RICHARDSON COUNTY, EX REL. NORRIS SHEEHAN ET AL., APPELLANT, V. DRAINAGE DISTRICT ET AL., APPELLEES.

FILED MAY 4, 1914. No. 18,447.

1. **Drains: APPORTIONMENT OF BENEFITS.** Sections 7640, 7646, Rev. St. 1913, have no application to proceedings before the supervisors of a drainage district to determine benefits that will accrue to lands and property within the district.

2. **Judgment: CONCLUSIVENESS.** A judgment in mandamus is conclusive upon the parties to an action of all issues of fact litigated therein.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*James E. Leyda, C. F. Reavis* and *Edwin Falloon,* for appellant.

*Kelligar & Ferneau, contra.*

Sedgwick, J.

The board of supervisors of Drainage District No. 2 of Richardson county on the 18th day of February, 1910, apportioned and set off to the county of Richardson a portion of the costs and expenses of the drainage improvements of that district pursuant to section 1830, Rev. St. 1913. Afterwards, the amount so apportioned to the county not having been paid, the drainage district began an action in mandamus in the district court for Richardson county to compel the supervisors of the county to appropriate, levy and pay the drainage district the assessment levied against it for the year 1910, and the assessment levied against it for the year 1911. An alternative writ was issued on the 24th day of July, 1912, and the county made return thereto by answer, and upon trial on the 24th day of October, 1912, the alternative writ was made peremptory, commanding the county authorities to "immediately, upon receipt of this writ, appropriate, levy, collect and pay to the relator, Drainage District No. 2 of Richardson County, Nebraska, the assessment levied against you by said drainage district for the year 1910, in the sum of $1,046.15, and appropriate, levy, collect, and pay to the relator, Drainage District No. 2, Richardson County, Nebraska, the assessment levied against you by said drainage district for the year 1911, in the sum of $622.31, and this you are not to omit to do." On the 9th day of September, 1913, the county made application to the board of supervisors of the drainage district, which was in effect to vacate the apportionment made by the board and to give the county authorities opportunity to be heard as to the benefits for which the county should be held liable. On the 23d day of September, 1913, the plaintiff herein began this action in the district court for Richardson county to enjoin the drainage district "from

executing said judgment of mandamus or proceeding there-under against plaintiff for contempt, or otherwise, until a final disposition of the proceeding to open said judgment now pending before said drainage board." The drainage district answered, alleging the facts in regard to the origi-nal proceedings before the supervisors of the drainage dis-trict, and that the findings and order of the supervisors apportioning the benefits of the county were valid, and also alleging the proceedings and judgment in the man-damus case. The district court, upon the trial, found the issues in favor of the drainage district, and dismissed the plaintiff's case, and the plaintiff has appealed.

The plaintiff contends that the proceedings and judg-ment in the mandamus case are not a bar to this action, and also contends that the proceedings before the super-visors of the drainage district in apportioning the benefits to the county are vacated by the application to set aside those original findings. In the brief the plaintiff speaks of the action of the supervisors of the drainage district in apportioning the benefits as a judgment, and contends that it is governed by section 7646, Rev. St. 1913. This section has no application to proceedings of this nature. By section 7640, service by publication is authorized in the cases there-in specified. There are six subdivisions of the section, and each of them specifies what circumstances would justify such service; that is, in "actions" for certain purposes and under certain circumstances service may be made by pub-lication. The language of section 7646 shows that the "ac-tions" in which service may be made by publication are in a court of justice, and not before an assessment board. The proceedings before the supervisors of the drainage dis-trict are not "actions," within the meaning of this statute. Such proceedings are rather in the nature of the assess-ment of taxes, and the decision of the supervisors in ap-portioning the benefits of the drainage system is not a judg-ment contemplated in the statute providing for service by publication. The drainage act makes no provision for any service of notice of the proceedings of the supervisors in apportioning the benefits except by publication. The ap-

portionment of benefits to the county is not, strictly speaking, an assessment of taxes upon the property of the county. It is not necessary to determine in this case whether the statute is defective in not providing specially how counties shall be notified of the pendency of such proceedings. If it should appear that the officers of the county in fact had knowledge of such pendency, and neglected to protect the interests of the county, the proceedings would not be invalid, although the formal notice of their meeting for such purpose might be defective. On the trial of the case at bar, the district court found specially that the officers of the county had notice of the pendency of the original proceedings before the supervisors of the drainage district. If it should be thought that the published notice of those proceedings was not sufficient, and that for that reason the apportionment was invalid, such fact would constitute a defense in the mandamus proceedings to compel the county authorities to collect and pay the amount so apportioned to the county; but such defense in the mandamus case would be unavailing, as it appeared that the authorities of the county had actual notice of the proceedings before the drainage board.

The principal question discussed by appellant in the brief is whether the evidence is sufficient to show that the county authorities had no actual notice of the original proceedings before the supervisors of the drainage district. This same question must also have been presented in the action for mandamus. It follows that the objection that the county authorities did not have such notice was involved in and decided by the mandamus proceedings, and those proceedings and the final judgment therein constitute a complete bar to this action for an injunction.

The judgment of the district court is therefore right, and is

AFFIRMED.

FAWCETT and HAMER, JJ., not sitting.